On behalf of the people of Illinois, Mr. Jay Hoffman, on behalf of Mr. Maxey, Mr. Bruce Kirk. Thank you. Mr. Hoffman, you may proceed. Good morning, Your Honors. Counsel, may it please the Court, I am Jay Hoffman of the Appellate Prosecutor's Office. And again, it's my pleasure, as always, to be before this Honorable Court representing the people of Illinois. Good to have you back. Thank you. Thank you very much, Your Honor. This case comes on the people's appeal from the Circuit Court's grant of a motion to dismiss on 120 day speedy trial grounds. The people have raised two issues. First of all, while they realize that the Circuit Court was bound by precedent from this Court and other appellate courts regarding the setting of an original trial date, the people argue that that law is wrongly decided in light of other well-established laws with regard to continuances and acquiescence to continuances by a defendant, and specifically by the words of a subsequent case to the first Workman case of the Illinois Supreme Court in People v. Cordell. Also, the people argue that even if that's not true, even if these 66 days in the setting of the original trial date are not to be attributed to the defendant, that there are significant other days attributable to the defendant that the trial judge abused his discretion in granting the motion. When the date was set, defense counsel said he wanted a date within the term and he was demanding trial. Correct? They demanded trial for the first time, yes, on September 9th, which is when he then, the first time, the public defender, who was eventually the representative, appeared and he said, okay, we're demanding trial. Subsequently, they filed motions, but they demanded trial and said, okay, let's work on a date sometime in late October or early November, and he agreed, the judge agreed, and the people agreed to November 14th. That's the trial date? That's the originally set trial date, yes, which was set within the 120 days. And let me ask you this, the record also shows, and the trial court mentioned it, I didn't see any argument below, but the trial court said, I've looked at the record, I've looked at the docket, and the early docket entries, the first couple of days, whoever prepared the order, I assume the state probably prepared the orders, the orders reflected time told, correct? I believe they did, Your Honor. But none of the other orders, in particular the September 9th order, reflects time told, correct? I believe that's true, Your Honor. Our position would be that that doesn't matter. The statute says, and the case law says, that any delay to which a defendant contributes or acquiesces is attributable to the defendant. And here the defendant acquiesced by saying, okay, this date is sufficient. Had the defendant wanted an earlier date, the defendant could have said, I want to try it tomorrow. I want to try it in 10 days. When was the state ready for trial? The state? Because my review of the record shows that the state was never ready for trial. They were still filing answers to the discovery well after the first trial date had long since expired. Yes, and they asked for an extension on January 9th after the defendant came in on January 7th, a Saturday, and gave to them discovery regarding one of their key witnesses that they had had for a month. So that pushed things off. And yes, they were having trouble getting some discovery and finding witnesses and getting witnesses there. I would argue that that is not on point to the question of whether or not the defendant's actions with regard to the second issue delayed matters. What action by the defendant delayed matters? The initial, well, on the second issue, various motions and various putting off the time, looking for an attorney, and getting the defense counsel in originally. You're talking about the, with regard to getting an attorney, there was the two-day issue? There were two days that they asked, well, there was a question of whether or not he had the money to get an attorney. So the trial judge appointed the public defender. The public defender specifically said, hey, I don't know that I'm going to be the person representing him, and so I am specifically not asking for the clock to start. The defendant said, no, I want my clock to start, but I don't have an attorney here. I'm going to get an attorney in two days. Either way you look at it, either he's bound by what his public defender said and the clock didn't start, or he's bound by the fact that he has asked for a continuance in order to get counsel. You would agree that the critical date is September 9th to November 14th. If that time is attributable to the state, the term ran, correct? Oh, no, Your Honor. When did the term run? As I said, I've raised two issues. First of all, the time between the August 10th arrest and first appearance arraignment to January 18th when the motion was filed is 161 days. Now, everybody agreed that the time from August 12th to September 9th, that 28 days, is attributable to the defendant. Subtracting that, we have 133 days. So my position is either, and it's an and or, either the 60 or the 66 days in setting the original trial time is attributable to the defendant, which means that we're well below the 120-day rule, or there is sufficient time with the two days between the 10th and the 12th of August and the 14 days that the people were given, the defendant agreed to give the people on that day to dismiss for constitutionality, plus the five days that the defendant and the trial judge said they needed to look at the people's response before it was ruled on, plus the time that the people asked for and were granted after the, what we would call a discovery violation, by defendant when they came in on that Saturday on the 7th. The second issue, though, under the Ladd case, we're supposed to look at the circumstances. When a defendant files a motion, we're supposed to look at the totality of the circumstances to determine whether or not the motions caused delay. Correct. Okay. Now, as Justice Burkett said, the state doesn't appear to have ever been ready for trial in this case. So tell me where those motions caused delay. Certainly there were things that had to happen on those motions, but this case was never in a posture, from the state's perspective, the state was never there saying, we're ready for trial. If it wasn't for these motions, we'd be going to trial tomorrow. Well, the state repeatedly said that they were preparing things for those motions and said that Marilyn Hyte Ross, who was preparing the response to the motion, was dealing with the police. And remember, it was a constitutional issue on a very recent statutory change. So it's not like, yeah, factually it was not complicated, but legally it was. The Ladd case took place before the November 14th date, which was already a trial date that was set. So tell me how, and then some of it took place between the December date or the November 14th, the date that was decided, I think, December 6th or something. But most of this, when you're talking about, oh, we need some time to look at this, I understand that. But it didn't delay the trial until November 14th. And then on November 14th, the state asked for a continuance unrelated to these motions. Because something doesn't delay the trial at the time, I would say under Cordell, doesn't mean it doesn't delay the trial eventually because you have to distract yourself from preparing for trial to do a motion. That's the law that we've cited says something. Mr. Hoffman, I'm well aware of what you're talking about. But the record at the time in open court, if you wish to toll the term, the state has an obligation to bring the defendant to trial within the term, so does the trial court. And if you're asking that time for preparation for motions be attributed to the defendant, that has to be reflected on the record and in the order. And it is, Your Honor. What order reflects that time is tolled on the defendant's motion? Counsel for the defendant acquiesced. He agreed. He said the people can have 14 days to prepare this motion. Now, he also said they can have 14 days to prepare this motion as long as it doesn't delay trial. The trial date was already set. Yes, it was. But just because the trial date is set, I would say if you look at Cordell, either whether the trial date is set or whether the trial date is not set, and the other law regarding motions saying that even just filing a motion means you can't go to trial right away, it means that even if the trial date isn't moved back at that time, there's a delay by the preparation of the motion. That law is well settled. Well, there's other attorneys preparing for trial, and Ms. Ross is preparing for the motions. She's going to argue the motions. Mr. Schuman is preparing for trial. He ends up losing a trial partner. None of that is attributable to the defendant. And if it were, the record should reflect it. Again, I would say the record does because the defendant acquiesced. He said, okay, give them 14 days. And then later on he said, yeah, I need time before I argue this to look at their response, which is understandable. But the law is clear. If the defendant contributes or acquiesces to a delay, that is attributable to him. Let me ask you this. Going back to that September 9th order, I assume you looked at the orders. On the order, the language on defendant's motion is stricken. It's crossed out. And the order says these cases are continued to the next court date by agreement for status and jury trial. That's what the order says. It says by agreement. Right. And at the time that that date was set, the defense counsel, Mr. Zimmerman, said, and I'm demanding trial. Yes, he did. But he said the continuance was by agreement. And that's what Justice Carter very effectively pointed out in his dissent in LaFerre. And he's right. He read Cordell properly. A justice who was no longer in this court misread Cordell in this case in Zellin. And Justice Litton misread Cordell in his concurrence in LaFerre. He said, well, they said that you don't have to have a date set. Therefore, that means if there's no date set, you can't have delay. Well, that's illogical. That's the opposite of what it means. They said you don't have to have a date set in order to have delay. And he finds the opposite. The Supreme Court in Cordell interpreted the language of 1035A and the delay. And the court said any action by either party or the trial court that moves the trial date outside the 120-day window qualifies as delay for purposes of this section. Because that was a case where that's what had happened. But if you look above that, just to one sentence, it says there is nothing in this section to indicate that the delay must be of a set trial date. And that's consistent with 1035. As I say, if you look at 1035, it talks about delay being attributable to the defendant. Delay has to be tried within 120 days. Absent delay attributable to the defendant. And then it goes on to say or a motion to determine whether or not he is fit for trial. Or a finding on fitness. There's no mention that there has to be a set trial date. And this would mean that if they haven't set a trial date and the defendant comes in with a complicated motion that takes 60 days, everybody agrees, oh, this is very complicated, very fact-bound, very law-bound. It's going to take 60 days to deal with this. Just because they haven't set a date, it means that that time isn't attributable to the defendant? That can't be. That's illogical. That isn't what happened here. That isn't what happened here, Your Honor, but I'm talking about what the law is. You earlier said that, at least I think you said that the defendant should have checked it and said I want trial today. Is that not what you said? I said that if the defendant was unhappy with the November 14th trial date, he could have said no, I don't want that date, I want an earlier date. And that time then would have been attributable to the people. But he agreed. What if he had said I want it tomorrow and the court said no? Do we take that date as the date to compute non-delay or do we take two weeks, do we add two weeks, do we add 30 days? How do we compute what would be attributable to the defendant or would not be if he's objecting but he isn't making a statement as to any date other than tomorrow? I think you used the language of the cases coming from the statute. If he doesn't contribute to or acquiesce or agree, then that cannot be attributable to him. If he tells the judge I'm not agreeing to have it on that date, I want it earlier, then he did not contribute or acquiesce. It's very simple. So a defendant can never successfully demand trial under your hypothesis unless that defendant says I am ready for trial right now. Let's go. Well, no, he can demand trial and he can say I want trial on the 14th. But the time between when he says that and the 14th is attributable to him. That's my question to you. My question to you is early in the case where a defendant clearly wants trial and really wants to move this thing along. A defendant cannot successfully demand trial and have that time run on the term unless that defendant says I am ready right now and on the day of arraignment I'm ready for trial right now. Then it would have gone from that date. It would have gone from that date. I mean, you know, we've all sat on the trial court, okay, and we've all been in trials. We've all had to deal with these in real life situations as I'm sure you have. That is not a real life situation. I mean, a real life situation is someone comes in for arraignment and says I'm demanding trial. I want my trial as soon as possible. I am demanding trial. And then the judge is sitting there going, okay, I know that the state has an obligation to tender discovery to the defendant. There's going to be some time for the state to get this together. And then presumably the defendant is going to want some time, defense attorney, to look at this stuff. So unless the trial judge says, okay, Mr. State, when are you going to have discovery and when are you going to be ready for trial? And then the state says 30 days. And you say to the defense, how long do you want? The defense says I want 30 days. Then presumably the judge could say, okay, 30 days is attributable to the state, and then thereafter 30 days is attributable to the defendant. But in a situation where you have, like in Workman, and this is almost the same as Workman, it's the initial setting date where someone is just in court and you have someone demanding trial, and you've got to set a date and things haven't happened yet. Isn't it an abuse of discretion to say that that time is attributable to the state? That's an abuse of discretion when you're in that situation as a trial judge. I would say that the abuse of discretion standard, as I argued in my brief, doesn't apply. Like Cordell, this is a question of the definition of delay, and therefore it should be a de novo review. I would say that. But whether to assign delay to this side or that side has always been an abuse of discretion. Unless it's contrary to the definition. And look at Cordell. They said this is a question of the definition of delay, and therefore it is a de novo review. Let me ask you this. Cordell also says this with respect to what Justice Burke just suggested to you. The court said, should a defendant wish to employ Section 1035A as a shield against any attempt to place his trial date outside the 120-day period, he is free to do so. Isn't that what happened here? Mr. Zimmerman made sure that the date was well within 120 days, and then after that, he used that date as a shield to protect against setting the date outside the term. Isn't that what happened here? I think what happened here is... Well, the quote that I just read to you from Cordell, did the Supreme Court say that? Yeah, I can't find it right now in my record, but I recall it. So that when a defendant who wants a speedy trial and wants a date set within the term, he can set a date within the term and use that date as a shield to make sure that he goes to trial within 120 days. Isn't that what the intent of that language is? Yes, because... And not to use it as a sword, which you're suggesting that the defendant used it later on as a sword. But the record clearly shows that Mr. Zimmerman was shielding the defendant against any trial date beyond 120 days. Well, beyond 120 days, but then the question is, what's the 120 days? What is the time attributable to the defendant? So that's really begging the question here, Your Honor. The question is, what delay is attributable to the defendant? And I will sum up because I know my time is over. We have argued in Issue 1 that Workman was made out of whole cloth and is contrary to the law as is well recognized with regard to acquiescence and agreement by a defendant and by Cordell, which was subsequent to Workman. Were any of the state's motions for continuance supported by Epidavid? I don't recall, Your Honor. I apologize. I don't believe they were. I don't recall. I apologize. Let me ask you one more question. You've argued in De Novo Review on the first issue. Clearly, the second issue is abuse of discretion. Yes, Your Honor. Okay. And again, we're looking at the circumstances surrounding whether this has caused delay or not. And I know what you've argued before, and I really don't want you to repeat that because I certainly understand it. But how is that an abuse of discretion when the trial judge sits back and says, Yes, the defendant filed motions. Yes, the state needed time to respond to them. Yes, I needed time to read them. But it clearly didn't delay the trial because most of it happened before the first trial date, and then on the first trial date, the state asked for another date, not because of the motions, and then we resolved them literally a couple weeks after the first trial date. Completely resolved them. So, I mean, how is that an abuse of discretion for the trial court to say that that delay was not, under those circumstances, not attributable to the defendant? Well, we've argued that it's an abuse because of the law saying that basically just the filing of a motion causes delay in the trial. So that's across the board, then. What you're saying is that any time any defendant files any motion, that's going to be some delay. It can be, but as you said, the law… Is it or isn't it? I mean, you just said that you're applying that rule of law, that it's basically a standard thing. That's what has been found in one case. Now, LAD, it admittedly says you have to look at the particular motion, but I would say that goes for, you know, the time, the term, how long it is told. And here, again, there was acquiescence in the five days between when we filed and when the ruling was, and there was acquiescence that the people got 14 days to file their response. Now, it took them longer, and there was a subsequent amended motion filed, but even after that, it took us like 35 days, I think. But certainly, the 14 days that they agreed to, which, again, with that two days that the original trial judge found was attributable to the defendant and the subsequent trial judge for who knows what reason found wasn't, brings us below the 120 days. Thank you, Mr. Hoffman. We'll have time for rebuttal. Mr. Kirkham, you may proceed. May it please the Court and Counsel, good morning, Your Honors. My name is Bruce Kirkham, and I appear on behalf of the defendant, I believe, Mr. Antoine Maxey. You know, when you read the record in this case, I think there's three things that become clear. Number one, the defendant, Mr. Maxey, immediately and consistently demanded speedy trial. The second thing is that the trial court did everything it could to accommodate Mr. Maxey's speedy trial demand. And the third thing is that the prosecution never showed any sense of urgency to get this case to trial. You know, and when you look at the individual periods of time in which the trial court attributed delay to the prosecution, on none of those periods of time can it be found that the trial court abused its discretion. So delay is anything that takes it out, according to Cordell in your argument, delay is anything that takes it outside the 120 days. Correct, that's Cordell's statement. What about the line of case law cases, you know, Cabrera, Woodrum or Woodham, that line of cases that say that if a defendant, before 120 days, agrees to a continuance, everybody steps up before the court on day two and says, we agree to a continuance. Is that told or not? Well, Cabrera is an interesting case and I'm glad you brought that up because I wanted to talk to that because that's a third district case that preceded Lafferre. And the court in Lafferre addressed Cabrera. And this also goes to your question of the standard of review on that initial trial setting. In Lafferre it said, we distinguished Cabrera because in Cabrera the trial court found the delay attributable to the defendant. In Lafferre the trial court found the delay attributable to the state. And those are consistent because we defer to the trial court and the standard of deference is flipped there. So that explains some of the cases like Cabrera. You have a court saying we're going to apply an abuse of discretion standard and refusing to reverse a trial court. But we have a definition of delay. You're proposing a definition of delay that we should now use in the trial courts of at least this district and the state. And the definition of delay is taking it outside. You have in this particular case, forget about those other cases. In this particular case you have some dates early on. I think it was 8-12 to 9-9. On your client or not? On my client, yes. Okay, well then how does that fit the definition of delay? There was no delay there because it didn't take it outside the 120 days. But those are attributable to the defense and you subtract those off. No, no, no, but that's delay. I mean the statute 103A talks about delay attributable to the defendant. You're saying that delay was attributable to the defendant. But that goes outside your definition of delay because it's inside the 120 days. I mean are you suggesting that any delay at any point? That's what I'm asking you. I'm your definition of delay from Cordell. That's my question to you. I don't think that the Supreme Court intended in Cordell to make a rule that any delay prior to the 120 eventually pushes it outside the 120 and blows the entire speedy trial right. It merely tolls the speedy trial period. It doesn't, it's not like under B where a defendant fails to appear and he waives his right. A simple attribution of delay to the defendant should not take away his right to still demand and have a trial within 120 days of time that is not attributable to the defendant. There's a lot of discussion about the initial trial setting here. And it becomes a question of what is a defendant to do? How do you demand trial and ask for a trial date? As your questions indicate, do you have to go in and say we want trial today? You can look at the, under an abuse of discretion standard, you look at what did the defendant do? And in this case you can't find that the trial judge found that to be, wrongly found that to be attributable to the state. The defendant came in, demanded speedy trial and said please set the trial. If the defendant had agreed to that first trial date, if the defendant had actually stepped up and not demanded, basically just, and he's in custody so there's no demand running anyway under PICO, but if he had not demanded, he just stepped up and they said we want a trial date, and then they all, and then they said okay, by agreement. And the judge goes okay, by agreement. Nobody says anything about speedy trial at all, but by agreement to that trial date within the 120 days. Is the term running or not? Well, you have that situation where A and B are different. I'm talking about A, I'm talking about under A. Is the definition delay, what is that in that situation? Is the term running? On a by agreement date, first trial. Where does that demand speedy trial? But he's in custody. I mean at PICO the demand's running. I mean there's a demand, there's a demand hanging over everyone's head, but he doesn't specifically object under A and all that stuff. I would contend that it's not attributable to the defendant. As you said, the trial term is already running. Unless the record reflects that the defendants agreed and everybody understands that the time's told, correct? Correct. Well, if you look at the, what about the transcript from November 9th when Mr. Shuman comes in and says judge, we're not ready, the discovery's not complete yet. He says I have to be in Springfield. And then he says we're going to ask, the state's going to ask to take it off on our motion for next week and for trial and either reset the trial date at this time or leave it on status for Monday to reset the trial date. And then the state says we understand counsel made a speedy trial demand earlier, but by agreement from that date to November 14th, the trial date was by agreement. And then defense counsel says no, we made a speedy trial demand. We're continuing to demand, so we object to it being taken off. But then the court says you understand, Mr. Shuman, if I grant your continuance over objection of counsel on behalf of Mr. Maxey, that time from Monday the 14th would be attributable to the state. And then the docket entry doesn't reflect, you know, the court says the docket entry could reflect the time between the 14th and December 12th would be attributable to the state. This discussion between the court and counsel, didn't that kind of lull the state into thinking that all of that time from September 9th to November 14th was told? I mean, that conversation is inconsistent with the court's later finding that that whole time was attributable to the state. How do you reconcile the court's ruling with that colloquy on the record? I don't think that it's a fair reading of the record as a whole. Just that, I agree with you, the record as a whole. I'm talking about that particular date when the state came in and said we want to move it off the trial call. Was it too late at that point in time for the state to try to go back and regain some of that time? Well, it was because I think the trial court had told Mr. Shuman consistently that the clock is running, time is running. I don't find that period of time of the initial trial setting attributable to the defendant. The prosecutor said we disagree. He acted at his peril, in other words. He acted at his peril, and at one point he said if it becomes an issue, we'll take it up on appeal. And that similar conversation occurred several times. I don't think it's fair to ever say that the prosecution was not told by the trial court that that initial trial setting period, that 66 days, was attributable to the state. And as I indicated earlier, the docket entry, somebody crossed out on the defendant's motion on that September 9th order. Do you know who did that? I don't. I don't know who prepared the September 9th order. Now, you said in response to my questions earlier, and I want to make sure I understand this completely, you said that by agreement dates, just if we're, you know, status dates and things like that, if they're by agreement, that the speed trial would be told. But that initial trial setting, if that's by agreement, then the speed trial would run. What's the difference? They're all by agreement. I'm not talking about someone demanding trial or saying anything about trial. You've got a defendant in custody, you've got a couple continuances by agreement for status, and then all of a sudden you're going to set a trial date, and you set that by agreement. How is it? Are those things really different? Well, I think they are. When you say by agreement setting of the trial date, I think that in the context of this case, you're talking about a logistical, everybody open your calendars and are you available. I agree that I'm available on that date. I don't think that that means that I agree to accept a continuance on this. I don't know that it's setting. I think that there's a distinction between setting a date by agreement, indicating I'm available for trial at that time and I'll be ready for trial at that time, versus agreeing to continue the case to that trial date. There's no bright line rules for the trial courts in this state now. If people step up and say, I'm taking a by agreement date, you have to decide, is this by agreement for trial, is this by agreement for a motion, what's the difference? By agreement, in my world, used to mean speed of trial is going to be total because everyone is agreeing to take this date. Then what is a defense counsel to do? Demand trial. Demand trial, which you did in this case, but I'm talking hypothetical right now because I'm trying to get my head around this entire concept with all these cases out there. So I'm talking the hypothetical, not demanding trial. I know he demanded in this case. Then the question is was there acquiescence? And we all know the cases that say if you demand and then you acquiesce, the acquiescence takes control. And there are cases out there that say that. But let's just say, you know, we'll get to that point in a minute, but let's just say there's a by agreement date for a trial. Now we've got to separate by agreement for trial versus by agreement for a motion or something like that or for status. It's in the discretion of the trial court ultimately. You know, I don't know that you can make a de novo bright line rule on that. Well, the issue is whether two people standing in front of me, trial judge, and say by agreement I'm taking a trial date, and I later say that's on the defendant whether that's an abuse of discretion under your reading of Cordell. Yes. And you would say it would be. You'd be arguing here in front of us it was. It was, yes. It was even though the defendant did not demand trial? Isn't the concept of saying or mining or using flash cards or something that says I demand trial as opposed to put somebody on notice like the State and maybe the trial court, that there's an agreement, as you've suggested, for convenience purposes, meaning that you're not going to be in Europe or having an appendectomy or whatever, versus saying, yes, I agree to the date, but I still am ready for trial if for some reason you can pick an earlier date. So the question Justice Burke is asking you is by agreement without a demand for trial is the same thing as an agreement with a demand for trial. You know, I know this is not the answer you want to hear, but that's not what happened in this case. There was a trial demand in this case. And, you know, as far as. Well, then we get to what's your acquiescence. So let's get to this case. I mean, you have a trial, you have the defense attorney saying we're demanding trial, and then the judge says, okay, what dates are you looking for? And he says, well, I'm free in October or November. And then it's set in November. Okay. How is that not acquiescence under the case law, which would then eviscerate the demand? I think that's just realistic cooperating with the court and the prosecution to try to find a realistic trial date. It's not set on day 119. He didn't suggest running the 120-day term law. It was, well, within 60 days. As you questioned the state, you know, there's got to be some discovery, some processing of discovery by the defendant. I think that's realistic to suggest a date. You know, the date that was actually set in this was a special trial date. Judge White looked at his calendar and created a special trial date. It was not a date for him. His trial dates were full at that time. I mean, they don't specifically say it, but you can infer that this was the earliest available trial date in this case. It was. Well, there was an October date suggested, and defense counsel wasn't available, and then they moved to November. Correct. I don't recall specifically that. I know that when asked, you know, the trial court invited defense counsel to suggest a date, and he said late October, early November. You know, that's plenty of time to get pre-trials, get discovery going, get ready for trial, but some cushion of the 120. You know, one other point I'd like to make, I know there was some discussion earlier about whether motions automatically delay, you know, when the state came in and delayed, or excuse me, moved to continue that November 14th trial date. As part of that, the state was still telling the trial court, we don't know if it's even going to be necessary to consider this motion. There's a motion to sever that includes the count that the constitutionality is being challenged, and we're still trying to figure out if we're going to delay it or not. So that first continuous of the trial date, it was still uncertain, and at no time did the state come in and say that our preparations are being delayed by this motion. Those are the facts and circumstances that Land talks about that makes an abuse of discretion standard, and it can't be found that the motions in this case, that the judge abused his discretion in finding no delay there. When a defendant stands on the first court date before the court and says, I demand trial, I want a speedy trial, give me a couple days to get an attorney in here, how's that not asking for the time? How's that not attributable to the defendant those two days? The defendant repeatedly said, from almost page one of the transcripts or reports of proceedings, he said, I want a speedy trial, I want the clock to run. As soon as the public defender who was present in the courtroom, who was not going to represent the defendant in a trial, but was present, said, I don't want to invoke speedy trial. The defendant objected immediately, personally, and said, I do want a speedy trial. I'm assuming that the defendant said that. I know the defendant said that, but I'm assuming that that's what the defendant wanted, but is it not contradictory to say, give me a speedy trial and give me some time? Because we can't set the trial date today. I don't have an attorney yet. He asked for two days to come in. My question is on the two days, and is that, I mean, whether that has an effect in this case or not, I don't know, but is that an abuse of discretion when the trial judge originally said it was on the defendant and then later said it was on the state, if I recall correctly? Is that an abuse of discretion to say that's on the state? No, it's not abuse of discretion. He went back and read the transcript in his preparation and consideration of  the record, the defendant's comments and what happened, and specifically found that the defendant invoked his right to a speedy trial, and I find that to not be attributable to the defendant. He found that the transcript trumped the order that said, the order had said told. Right. The court said the transcript is the record of what took place, and it trumps the common law record. Right. I think he felt a little misled by that because in his initial ruling on the motion to dismiss, he said, I can't believe that there was even an attorney present here. And then he ordered the transcript and read it and clearly understood the facts of what happened on that day. So if there are no further questions, I would ask this court to affirm the judgment of the Winnebago County Circuit Court. Thank you, Your Honor. Thank you, Mr. Kirk. Mr. Hoffman, rebuttal argument. Basically, there's two matters, one with regard to several issues, several questions that were brought up by Your Honors. And by counsels maintaining that by agreement or acquiescence means different things for different matters. I would again call attention to the second two sentences in Justice Carter's dissent in Lafayette. It says, if there is any term of art in the area of speedy trial, it is the term, quote, by agreement. When a date is set, quote, by the agreement of the parties, unquote, it tolls the speedy trial term. I believe that to be the law. I believe Justice Carter's dissent is more persuasive than the majority in Lafayette. The only other thing, and I will answer any questions you have I want to do, is, and I apologize for not putting this in my brief yesterday. I went and I looked at Black's fourth and fifth edition and the online definition of delay, which begins, delay, to retard, obstruct, put off, postpone, defer, procrastinate, prolong the time of or before, hinder, interpose obstacles. Well, what this means is anything that is done that causes something else to be put back, like a motion even when there is no time for trial, it is a delay. The logic of that argument, I just don't get it. Because that would mean that any date beyond today is delay attributable to the defendant if he agrees to a trial date. And that's your argument. That I can't go to trial today. Well, you have to go to trial today. I don't care if you don't have a lawyer, you're going to trial today because you're demanding trial. You're going to trial. Your argument is that any time you agree to any date, even within the 120 days, it's automatically attributable to the defendant. And the Supreme Court in Cordell rejected that notion when how they described delay. I disagree that they rejected that notion. They said that there doesn't have to be a date set. Now, the facts of that case required them to say, well, when you set the time outside the 120 days because that's what's happened, that's clearly a delay. But they didn't say, as Justice Litton found, I think incorrectly, the opposite is true, that just because it's not set outside the 120 days, it isn't a delay. And my position is that that's contrary to the other law. The court said any action by either party that moves the trial date outside the 120-day window qualifies as delay for purposes of this section. And was there evidence presented, was there testimony at the hearing on a motion to dismiss from any witnesses that the defendant caused delay? You're talking about in the present case? Yes. Well, there was argument that the defendant caused delay by agreeing to the trial date. Again, my question is, was there testimony by any of the state's witnesses, the prosecutors who worked on the motions, who got up and said, Judge, we couldn't prepare for trial for that day because of these extensive motions the defendant filed, so therefore the delay should not be attributable to us. Did they present any evidence like that? I don't believe anyone got up and testified. A case I had when I was a young prosecutor was People v. Alvin Goines. This court affirmed the trial court's denial of a motion to dismiss. The Supreme Court reversed it and sent it back for a hearing because there was no evidence presented as to who caused the delays. And so there is precedent for having live testimony to establish that the defendant caused or contributed to a delay. Was there any such evidence presented to the trial court in this case? There was no live testimony. I would say evidence, well, there was representation. I would say evidence of the fact that after having a purported recantation for a month, they come in on the Saturday before the date set, that that's evidence of delay. And that witness appeared, and there's no indication that there was any attempt to interview him when his subpoena was continued for the next date. I don't know if there was any attempt, but I would argue that it takes more than that. He was in open court. Take my word for it. He appeared, and he was ordered to be there for the next date. Yes, he was. I recognize that's in the record. But my point is that just interviewing him on that day is not going to prevent us from having to go find whoever he says, talk to him, and got him to change his mind or whatever. That doesn't mean that immediately that day you can go on because you have that witness there. There's more investigation that needs to be done. I would argue that just the testimony of the prosecutor is not the only way you can determine that there's delay. Because you look at the record, and you see the acquiescence to the 14 days for the people to respond to the motion. You see the acquiescence in the two days originally from the 10th to the 12th. You see the acquiescence in the defendant saying and the judge saying, yes, we need time to look at this before the ruling. That's evidence, too, Your Honor, because that's in the record. If there are no further questions, people would ask the support team. I have one. Yes, Your Honor. Assuming that the state is supposed to provide discovery, and the trial court sets a status date, and the defendant says, I agree to the status date to determine whether or not there's been compliance, but I still demand trial, your position would be that that 30-day time period is attributable to the defendant and not to the state. Is that correct? Even though if the state were not to provide discovery within that period of time and the case had been scheduled for trial before that, because according to your argument previously, the defendant would have to demand a trial on day one, that regardless the delay would be attributable to the defendant and not to the state. On that date, the defendant could say, we have not gotten discovery, and I would say that any date from now on is attributable to the people until we get discovery. And he'd originally, a defense counsel could say, I would ask for 20 days beyond when discovery is complete. There's no demand that he give a particular date. So if the trial court sets the date for trial on the 31st day, so as to allow the state to comply with discovery within 30 days, and the defendant agreed to trial on the 31st day, it's your position, even though he said, I still demand trial, that that 30-day period would be attributable to the defendant? Yes, because he acquiesced to that date. By agreement means by agreement. I mean, in this case, when they set that date on September 9th, if I'm not mistaken, Zimmerman was the defense counsel, correct? And Schuman was the prosecutor? Yes. And Zimmerman demands trial. We're asking for a trial date. We demand trial at this time. The court says, what date would you suggest, Mr. Zimmerman? It kind of puts the defense attorney in a predicament, where if the defense attorney then suggests a date, he's acquiescing. Otherwise, he should stand maybe mute and incur the wrath of the court, which I don't think any defense attorney would like, or say, I'm ready tomorrow. I mean, I don't know what a defense attorney does this early in the case when that situation arises. What would happen if he stood mute? I would suggest that the trial judge would then say, well, let me ask you, Mr. Prosecutor, what date would you like? And then he would go back to the defendant and say, is that agreeable to you? Okay. And he's got his right to say so. He's got to say, I object and I agree. Well, no, he's got to say, I don't agree to that date. Okay. I want tomorrow. Fine. I don't know. I'm just saying, in the real world, I mean, having done that for 16 years, it puts the trial judge in a real pickle to figure out what's going on here. And then Zimmerman says, I'd like a date in October or November. And the judge says, I'm going to set this for October 17th. And who pipes up but the prosecutor? Judge, I have a murder case before Judge Truitt that week. Okay. Well, defendants are requesting a speedy trial, Mr. Shuman. It sure looks like everybody was trying to get this thing to trial as quickly as possible throughout the entirety of it, other than the state. It could be, but I would say when the judge said October 17th and the people said no, the defense counsel could have easily said, no, I'm happy with that date. Any delay from that date is on them, Your Honor. But he didn't. So he also should have said in my hypothetical, I object to you setting it on the 31st day. I think you should set the status date tomorrow or for tomorrow. The fact that we won't know whether or not he's been in compliance or whether or not you're going to hold the state in contempt or there's going to be any sanctions because it has 29 more days to comply with your order is really not relevant or material. Since you agreed to the 31st day, you should have objected to the 30th, the 31st, the 29th, the 28th, all the way down, and you should have said, I want the status date on compliance tomorrow. Otherwise, all this is delay apportioned or attributed to the defendant because he's agreed to the 31st day. Well, that's what the statute says. That's what the case law says. That's what the case law says. Okay. Thank you. I'd like to thank both attorneys for excellent arguments in this case and hard work, and we'll take the case under advice. We'll take a short recess.